NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTUR MELKUMOV,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>YA-MEI CHEN,<br><br>　　　　　　　Defendant. | Civil Action No. 25-00001 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

　　**THIS MATTER** comes before the Court upon Defendant Ya-Mei Chen's Motion to Dismiss Plaintiff Artur Melkumov's Complaint (ECF No. 1) under Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). (ECF No. 15.) Plaintiff opposed, and Defendant replied. (ECF Nos. 16, 19.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

## I.　BACKGROUND

### A.　Factual Background[1]

Plaintiff was born on December 28, 1985 in the former U.S.S.R. (ECF No. 1-3 at 1.)[2] Plaintiff entered the United States on July 30, 2019 on a B-2 tourist visa. (ECF No. 1-5 at 2.) That

---

[1]　On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

[2]　Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

visa expired on January 29, 2020. (*Id.*) Plaintiff filed an I-589 Application for Asylum and Withholding of Removal on February 24, 2020. (ECF No. 1 ¶¶ 28, 40). On September 19, 2022, Plaintiff filed an I-140 Immigration Petition for Alien Worker, under the Employment-Based Second Preference category, and he filed an I-485 form for Adjustment of Status on the same date. (*Id.* ¶¶ 20, 29; ECF No. 1-3 at 1, 3.) Plaintiff's I-140 petition was approved on June 7, 2023, (ECF No. 1 ¶ 30; ECF No. 1-4 at 1), but Defendant, the Director of the Central New Jersey United States Citizenship and Immigration Services (USCIS) Field Office, denied Plaintiff's I-485 adjustment of status application on August 29, 2024, (ECF No. 1 ¶¶ 23, 31; ECF No. 1-5 at 1).

On October 1, 2024, Plaintiff filed a form I-290B Notice of Appeal or Motion with USCIS requesting that USCIS reopen and reconsider the denial. (ECF No. 1 ¶¶ 32-33; ECF No. 1-6 at 1; ECF No. 1-7 at 1.) On December 11, 2024, Defendant denied the motion. (ECF No. 1 ¶ 33; ECF No. 1-7 at 1-3.) In both decisions, Defendant reasoned that Plaintiff did not hold "lawful nonimmigrant status" by the time he filed his adjustment of status application on September 19, 2022—a requirement for adjustment of status eligibility—because Plaintiff's status expired on January 29, 2020, and his subsequent asylum application did not cure that deficiency. (*See* ECF No. 1 ¶ 34; ECF No. 1-5 at 1; ECF No. 1-7.)

B.    **Procedural Background**

On January 1, 2025, Plaintiff filed his Complaint in this Court. (*See generally* ECF No. 1.) Plaintiff brings one claim for violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), against Defendant in her official capacity. (*Id.* at 5, 7.) Plaintiff alleges Defendant's denial was arbitrary, capricious, and an abuse of discretion in violation of the APA. (*Id.* ¶ 55.) Plaintiff seeks "a court order compelling Defendant to re-adjudicate [Plaintiff's] adjustment of status application in compliance with the [Immigration and Nationality Act (INA)] and APA[.]" (*Id.* ¶ 61.)

2

On November 21, 2025, Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. (ECF No. 15.) The Motion is fully briefed and pending before this Court.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject-matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Recom Solar*, LLC Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has

3

subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

**B.**     **Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III.     <u>DISCUSSION</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have "federal-question jurisdiction over APA cases unless such review is precluded by a separate statute." *Fallas v. Jadou*, Civ. No. 22-304, 2023 WL 3736326, at *3 (D.N.J. May 31, 2023) (internal quotation marks and citations omitted); *see also Bakran v. Sec'y, U.S. Dep't Homeland Sec.*, 894 F.3d 557, 562 (3d Cir. 2018) ("District courts have

jurisdiction to review agency action under 28 U.S.C. § 1331, subject only to preclusion-of-review statutes created or retained by Congress." (internal quotation marks and citation omitted)).

The INA is one such statute. It provides benefits to noncitizens but also limits noncitizens' abilities to challenge agency decisions denying those benefits in the federal courts. As is relevant here, "[s]ection 1255 of the INA provides a way for noncitizens already admitted or paroled into the United States on a temporary basis to adjust their status to that of a legal permanent resident." *Abuzeid v. Mayorkas*, 62 F.4th 578, 580 (D.C. Cir. 2023) (discussing 8 U.S.C. § 1255). An applicant for adjustment of status must first show that he meets three criteria: "(1) [he has made] an application for such adjustment, (2) [he] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). However, "[e]ven if a noncitizen demonstrates that he is eligible for adjustment to permanent-resident status, the requested relief is not guaranteed." *Abuzeid*, 62 F.4th at 580 (first citing *INS v. St. Cyr*, 533 U.S. 289, 307 (2001); and then citing *Randall v. Meese*, 854 F.2d 472, 478-80 (D.C. Cir. 1988)). "A decision to grant discretionary relief to an eligible applicant is 'not a matter of right under any circumstances, but rather is in all cases a matter of grace.'" *Id.* at 580-81 (quoting *St. Cyr*, 533 U.S. at 308).

Through 8 U.S.C. § 1252(a)(2)(B)(i), however, the INA limits the ability of federal courts to review these § 1255 agency decisions. "Section 1252(a)(2)(B)(i) of the INA pertains to '[d]enials of discretionary relief.'" *Id.* at 581 (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). That jurisdiction-stripping provision states:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no

5

> court shall have jurisdiction to review — (i) any judgment regarding
> the granting of relief under section . . . 1255 of this title . . . .

8 U.S.C. § 1252(a)(2)(B)(i).  The provision therefore strips federal courts of jurisdiction to review

"any judgment" related to adjustment of status under § 1255.  *Abuzeid*, 62 F.4th at 581.

The only exception, provided in subparagraph (D), states:

> Nothing in subparagraph (B) . . . or any other provision of this
> chapter (other than this section) which limits or eliminates judicial
> review, shall be construed as precluding review of constitutional
> claims or questions of law raised upon a petition for review filed
> with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).  This exception, by its own terms, gives jurisdiction to circuit rather

than district courts, "upon a petition for review."  *See id.*  And this exception only applies in the

removal context.  *See Patel v. Garland,* 596 U.S. 328, 345 (2022) (citing approvingly notion that

"subparagraph (D) preserves review of legal and constitutional questions only when raised in a

petition for review of a final order of removal"); *Abuzeid,* 62 F.4th at 581 (discussing "an exception

that allows review of 'constitutional claims or questions of law' made in *removal proceedings*"

(emphasis added)); *Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010) ("[Section] 1252(a)(2)(D) . . .

applies only in the context of removal proceedings."); *Hamilton v. Gonzales*, 485 F.3d 564, 566

(10th Cir. 2007) ("[A] final order of removal is a prerequisite to the application of

§ 1252(a)(2)(D)."). [3]

Section 1252(a)(2)(B)(i) bars district court review of § 1255 adjustment of status decisions

regardless of the nature of the challenge.  While the provision is listed under a header that states

"[d]enials of discretionary relief," the Supreme Court held that "[t]he provision does not restrict

---

[3]    This interpretation is buttressed by the legislative history, which indicates that "Congress added this subparagraph after [the Supreme Court] suggested in [*INS v. St. Cyr*, 533 U.S. 289 (2001)] that barring review of all legal questions in *removal cases* could raise a constitutional concern."  *Patel v. Garland*, 596 U.S. 328, 339 (2022) (emphasis added).

itself to certain kinds of decisions.  Rather, it prohibits review of *any* judgment *regarding* the granting relief under § 1255[.]"  *Patel*, 596 U.S. at 338 (emphasis in original).[4]  As the Supreme Court explained, "'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments[.]"  *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)(i)).

While *Patel* was decided in the context of a removal proceeding before an immigration judge, courts in and out of this circuit have repeatedly applied *Patel* to adjustment of status decisions made by USCIS.  *See, e.g.*, *Abuzeid*, 62 F.4th at 584 ("Although *Patel* addressed a judgment made in a removal proceeding before an immigration judge, and reserved ruling on whether § 1252(a)(2)(B)(i) bars review of analogous judgments by USCIS that are challenged under the APA in a federal court . . . we see no basis for the distinction[.]"); *Xia v. Bondi*, 137 F.4th 85, 91 (2d Cir. 2025) ("Congress's clear directive that no federal court may review a denial of an adjustment application under § 1255, even if it occurs outside removal proceedings, necessarily applies to decisions by USCIS."); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1028 (7th Cir. 2023) ("The result is that § 1252(a)(2)(B)(i) operates to eliminate judicial review of the denial of an adjustment-of-status application by USCIS."); *Fallas*, 2023 WL 3736326, at *4 ("This Court . . . concludes that Section 1252(a)(2)(B)(i) bars judicial review of adjustment of immigration status decisions made by USCIS."); *Vardanyan v. Jordan*, Civ. No. 24-10393, 2025 WL 2253237, at *1 (D.N.J. Aug. 6, 2025) ("Section 1252(a)(2)(B)(i) . . . does, in fact, take away jurisdiction over adjustment-of-status claims.").  And in each of those cases, the courts dismissed the adjustment of status challenges for lack of subject-matter jurisdiction.  *See Abuzeid*, 62 F.4th at 586; *Xia*, 137

---

[4]    The dissent, for its part, argued that "the title Congress chose in § 1252(a)(2)(B) . . . 'Denials of discretionary relief' . . .  left little doubt that [8 U.S.C. § 1252(a)(2)(B)(i)-(ii) is] designed to bar review of only those decisions invested to the Attorney General's discretion, not antecedent statutory eligibility determinations."  *Patel*, 596 U.S. at 358-59 (Gorsuch, J., dissenting).

F.4th at 94; *Britkovyy,* 60 F. 4th at 1032; *Fallas*, 2023 WL 3736326, at *6; *Vardanyan*, 2025 WL 2253237 at *2.

Here, Defendant denied Plaintiff's adjustment of status application pursuant to § 1255. (ECF No. 1-5 at 1; ECF No. 1-7 at 1.)   Under the INA, a noncitizen "who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States" is ineligible for adjustment of status.   8 U.S.C. § 1255(c)(2).  Plaintiff was denied relief because Plaintiff was not in lawful status "when [he] filed [his] application for adjustment of status" on September 19, 2022.  (ECF No. 1-5 at 2; *see also* ECF No. 1-7 at 2.)  Plaintiff's lawful status expired on January 29, 2020.  (ECF No. 1-5 at 2; *see also* ECF No. 1-7 at 2.)  Even though Plaintiff applied for asylum on February 24, 2020, Defendant reasoned that "[t]his period of authorized stay did not create a new lawful immigration status for [Plaintiff] thus, once [Plaintiff's] status expired [on January 29, 2020, Plaintiff was] in 'unlawful status.'"  (ECF No. 1-5 at 3; *see also* ECF No. 1-7 at 2-3.)

Plaintiff argues Defendant erred in her interpretation of the effect of Plaintiff's asylum application on Plaintiff's status.  (*See* ECF No. 16 at 14.)  As Plaintiff contends, his lawsuit

> presents a pure question of law: whether USCIS erred in interpreting [8 U.S.C. § 1255] and its accompanying regulation to conclude that Plaintiff's period of stay under a pending asylum application rendered him ineligible for adjustment.  This is not a challenge to the agency's exercise of discretion or weighing of equities; it is a challenge to the agency's adherence to the law.

(*Id.* at 14-15.)

This Court, however, does not have jurisdiction to decide this question of law.  Plaintiff does not cite a single post-*Patel* case for the proposition that a district court may review potential

legal errors by USCIS in adjustment of status decisions under § 1255. (*See id*. at 15-19.)[5] But, even though decided in the context of a factual challenge, *Patel* held that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment *regarding* the granting of relief under § 1255[.]" 596 U.S. at 338 (emphasis in original). And the chorus of cases after *Patel* have held that, regardless of the type of challenge, federal district courts may not review USCIS adjustment of status decisions. *See, e.g.*, *Abuzeid*, 62 F.4th at 586; *Xia*, 137 F.4th at 94; *Britkovyy,* 60 F. 4th at 1032; *Fallas*, 2023 WL 3736326, at *6; *Vardanyan*, 2025 WL 2253237, at *2. Indeed, where the INA includes a jurisdictional carveout for questions of law, it only does so for *circuit courts* "upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), and only in the removal context, *see Patel*, 596 U.S. at 345-46.[6]

---

[5]    Plaintiff's reliance on *Pinho v. Gonzalez*, 432 F.3d 193 (3d Cir. 2005) is unavailing. (*See* ECF No. 16 at 15.) There, before *Patel* was decided, the Third Circuit ruled that the "[d]etermination of eligibility for adjustment of status—unlike the granting of adjustment itself— is a purely legal question and does not implicate agency discretion." *Pinho*, 432 F.3d at 204. It therefore held that, because the "agency action at issue . . . was . . . non-discretionary," the district court had jurisdiction to review the decision. *Id.* However, "as *Patel* makes clear, Section 1252(a)(2)(B)(i)'s judicial bar reaches beyond just discretionary decisions." *Fallas v. Jadou*, Civ. No. 22-304, 2023 WL 3736326, at *4 (D.N.J. May 31, 2023) (rejecting the plaintiff's reliance on *Pinho*); *see also Fernandes v. Miller*, Civ. No. 22-12355, 2023 WL 1424171, at *5 (E.D. Mich. Jan. 31, 2023) ("Per *Patel*, we do not have jurisdiction to evaluate any USCIS decision related to the denial of an adjustment of status application, regardless of whether the challenge is legal or factual in nature."); *id.* *3 n.2 ("To the extent [*Pinho*] support[s] the argument that eligibility determinations, unlike a final grant or denial of relief, are reviewable, [*Pinho* has] been superseded by *Patel*."). Thus, "Section 1252(a)(2)(B)(i) bars this Court's review" of Plaintiff's adjustment of status decision, "whether labeled discretionary or not[.]" *Fallas*, 2023 WL 3736326, at *4.

[6]    As the *Patel* dissent noted, "under the majority's construction of subparagraph (B)(i)," individuals "seek[ing] to adjust their status . . . outside the removal context . . . are now, after its decision, likely left with no avenue for judicial relief of any kind. An agency may err about the facts, the law, or even the Constitution and nothing can be done about it" in the federal courts. 596 U.S. at 363 (emphasis omitted) (Gorsuch, J., dissenting).

9

Therefore, the Court will grant Defendant's Motion to dismiss for lack of subject-matter jurisdiction and will not evaluate Defendant's Rule 12(b)(6) arguments.[7]

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.  An appropriate Order follows.

Dated: April 22, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7]    In his briefing, Plaintiff asserts that the Complaint sets forth two causes of action: "(1) a claim under the APA, 5 U.S.C. § 706, to hold unlawful and set aside USCIS's decision as based on an error of law and abuse of discretion; and (2) in the alternative, a petition for a writ of mandamus under 28 U.S.C. § 1361 to compel USCIS to perform its duty to adjudicate Plaintiff's application in accordance with the law." (*See* ECF No. 16 at 11.)  But Plaintiff's Complaint only asserts one count: violation of the APA. (*See* ECF No. 1 at 7; *see also id.* ¶ 1 ("Plaintiff . . . request[s] issuance of a Writ of Mandamus under the Administrative Procedure Act[.]").)  "The Third Circuit has held that it is 'axiomatic' that a plaintiff cannot amend h[is] complaint in an opposition brief on a motion to dismiss." *Blackman v. Ne. Spine & Sports Med., LLC*, Civ. No. 24-7022, 2025 WL 77029, at *4 n.6 (D.N.J. Jan. 13, 2025) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007)).  However, in one paragraph under the "[j]urisdiction" header of the Complaint, Plaintiff asserts that "this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361." (ECF No. 1 ¶ 12.)  To the extent Plaintiff has sufficiently indicated his intent to pursue an alternative claim for mandamus through this reference, such a claim does not change the outcome because the Court does not have jurisdiction to review any mandamus claim. *See Serrano v. Quarantillo*, Civ. No. 06-5221, 2007 WL 1101434, at *2 (D.N.J. Apr. 9, 2007) ("[B]ecause Section 1252(a)(2)(B) specifically precludes judicial review notwithstanding the mandamus statutes or any other provision of law, [p]laintiff's mandamus and APA claims are barred." (citing 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . including [28 U.S.C. §] 1361 . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under 8 U.S.C. § 1255[.]"))).